UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR CAMARENA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

Respondents.

No. 1:26-cv-01033-DJC-SCR

ORDER

A# 240-499-828

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking an order releasing Petitioner from custody.  The Court informed the Parties that it intended to rule on the merits of the Petition.  Neither party objected.

In its minute order, the Court cited cases where an individual was released and later re-detained and requested Respondent to identify if they were legal or factual issues that rendered this case materially distinguishable from the cited cases.  (ECF No. 4.)  Respondent asserts that Petitioner did not have contact with immigration officials until his present detention and that these prior orders are thus not applicable. (ECF No. 7 at 2–3.)

Nevertheless, the Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC,

1

2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he is entitled to relief.  As Petitioner has been present in the United States for years prior to his present detention, he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Respondents are ORDERED to immediately release Petitioner Julio Cesar Camarena from their custody.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **March 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE